No. 02-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 169

IN THE MATTER OF A.L.,
A.L. and C.L.,

        Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade,
Honorable Kenneth R. Neill, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Carl B. Jensen, Jr., Public Defender's Office, Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Mark Mattioli,
Assistant Attorney General, Helena, Montana

            Brant Light, County Attorney; Susan J. Brooke, Deputy County
Attorney, Great Falls, Montana

        For Youths:

            Eric Olson, Public Defender's Office, Great Falls, Montana

                Submitted on Briefs:  July 11, 2002

                        Decided:  July 30, 2002

Filed:

_____
                  Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Tony appeals from the Eighth Judicial District Court's judgment terminating his parental rights. We affirm.

¶2 The following issue is raised on appeal:

¶3 Did the District Court err in terminating Tony's parental rights after the State conceded that he could have more time to complete his treatment plan?

FACTUAL AND PROCEDURAL BACKGROUND

¶4 A.F. (mother) and Tony (father) are the natural parents of A.L., A.L. and C.L. The termination of A.F.'s parental rights is not at issue in this appeal.

¶5 The Department of Public Health and Human Services (DPHHS) petitioned for temporary legal custody of A.L., A.L. and C.L. in November 2000. On February 2, 2001, the District Court declared the children youths in need of care and granted DPHHS temporary legal custody. The parents stipulated to this determination. The court also approved and ordered treatment plans for the parents.

¶6 Tony's treatment plan required him to complete parenting classes, obtain a chemical dependency evaluation and follow the recommendations of the evaluation, maintain adequate housing and means of support, begin mental health counseling and visit and maintain contact with the children through DPHHS. Although the court approved and ordered Tony's treatment plan in February 2001, Tony, who was incarcerated on a drug offense and then released, did not contact a DPHHS social worker or visit the children until July 2001.

2

¶7    On July 26, 2001, pursuant to the parties' stipulation, the court extended DPHHS' temporary legal custody for six months in order for the parents to complete the requirements of their treatment plans. Tony was present at this hearing. DPHHS social worker Lori Clark (Clark) testified that Tony had begun parenting classes, contacted a doctor to conduct a psychological evaluation and had begun the process to obtain a chemical health evaluation. He also had moved in with his mother and visited the children. However, in the month after the hearing, Tony tested positive for methamphetamine and cocaine and was arrested and incarcerated for violating the conditions of his release.

¶8    By the time of the court's review hearing set for January 2002, DPHHS had filed a petition for permanent legal custody and termination of parental rights. DPHHS alleged that Tony had failed to successfully comply with an ordered treatment plan and that his unfitness was unlikely to change within a reasonable period.

¶9    The District Court held a hearing. Clark testified that prior to DPHHS' involvement in this case, Tony's parental rights were terminated with respect to another child due to parental neglect stemming from his substance abuse issues. She stated that while Tony had made some progress toward completing his treatment plan in the two months he was released from jail, he violated his bail conditions by using drugs and alcohol. She stated that he did well with his children at visits and that his interaction with them was appropriate and that she generally liked Tony. Clark testified that if he was sober and not incarcerated, he would be a proper

3

placement for the children. However, due to Tony's ongoing addiction to drugs and alcohol, Clark recommended the termination of his parental rights.

¶10 Tony also testified. He admitted that he had a substance abuse problem and stated that he wanted to obtain inpatient treatment. Tony requested that the court extend the temporary legal custody for another six months so that he could obtain substance abuse treatment. At the same time, Tony conceded that he had verbally agreed to a plea agreement on the pending drug charges which included seven years incarceration.

¶11 With regard to Tony's request for an extension of temporary legal custody, the State responded that "[Tony] is going to be incarcerated for a long time. If the Court wants to give him some additional time until we see when his sentence is, that's fine with the State. He's at least partially complied with his treatment requests."

Comment [COMMENT1]: Tr 120

¶12 Nevertheless, the District Court found that Tony, who did not attempt to meet the conditions of his treatment plan until five months after it was approved, had failed to even moderately comply with its requirements. The court found that Tony had a significant chemical dependency problem which he had not adequately addressed, that he was incarcerated for methamphetamine use during the period of these proceedings, and that he had not successfully accomplished any of the goals of his treatment plan. The court concluded that, due to Tony's extensive history with DPHHS, including having another child removed from his custody, as well as his

4

noncompliance with his treatment plan, Tony's conduct and condition rendering him unfit was unlikely to change within a reasonable time. The court concluded that it was in the best interests of the children to terminate Tony's parental rights. Tony appeals.

STANDARD OF REVIEW

¶13 In reviewing a decision to terminate parental rights, this Court determines whether the district court's findings of fact supporting termination are clearly erroneous and whether the district court's conclusions of law are correct. *In re C.R.O.*, 2002 MT 50, ¶ 10, 309 Mont. 48, ¶ 10, 43 P.3d 913, ¶10 (citation omitted). A finding of fact is clearly erroneous if it is not supported by substantial evidence; if the district court misapprehended the effect of the evidence; or if, after reviewing the record, this Court is left with a definite and firm conviction that the district court made a mistake. *In re C.R.O.*, ¶ 10 (citation omitted).

¶14 It is well established that a natural parent's right to care and custody of his or her child is a fundamental liberty interest which must be protected by fundamentally fair procedures. *In re C.R.O.*, ¶ 10 (citation omitted). Accordingly, with regard to the statutorily-required findings supporting termination of parental rights, we have stated that the burden is on the party seeking termination to demonstrate by clear and convincing evidence that every statutory requirement has been satisfied. *In re C.R.O.*, ¶ 10 (citation omitted).

DISCUSSION

¶15 Did the District Court err in terminating Tony's parental rights after the State conceded that he could have more time to complete his treatment plan?

6

¶16 The District Court reached its decision to terminate Tony's parental rights based on its conclusion that the following criteria set forth in § 41-3-609(1)(f), MCA (1999), were satisfied:

7

(1) The court may order a termination of the parent-child legal relationship upon a finding that any of the following circumstances exist:

. . .

(f) the child is an adjudicated youth in need of care and both of the following exist:

(i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and

(ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

¶17     On appeal, Tony claims that the court's decision to terminate his parental rights based upon his inability to change his conduct within a reasonable time was clearly erroneous since the State did not oppose allowing him additional time to comply with his treatment plan.  He contends that according to the State's testimony, he was good with the children, and he should have been given more time to address his substance abuse problems.  Tony insists that it was not in the children's best interests to terminate his parental rights.

¶18     We disagree.  Although Tony was aware that DPHHS had removed his children from his home in November 2000, and obtained temporary legal custody of his children in February 2001, he failed to contact the social worker in the case until July 2001.  Although he was incarcerated on drug charges for part of this time, Tony fails to sufficiently explain his lack of contact for the period he was not incarcerated.

8

¶19 Additionally, Tony attempted to comply with his treatment plan for less than two months before he violated the conditions of his release by continuing to use drugs. Tony admitted at the termination hearing that he had not completed his treatment plan because he was incarcerated. Accordingly, the District Court's finding that Tony failed to even moderately comply with the requirements of his treatment plan was supported by substantial evidence and, thus, not clearly erroneous.

¶20 Although the State conceded that it would not oppose allowing Tony additional time to complete his treatment plan until his sentence on the drug charges was known, the District Court's finding that Tony's conduct or condition rendering him unfit was unlikely to change within a reasonable time was supported by substantial evidence. Tony's parental rights with regard to another child were previously terminated due to his substance abuse problems. We have stated that in making termination decisions, we must, to some extent, base the determination on a person's past conduct. *In re S.M.,* 2001 MT 11, ¶ 41, 304 Mont. 102, ¶ 41, 19 P.3d 213, ¶ 41 (citation omitted).

¶21 Furthermore, during the instant proceedings, Tony was arrested and jailed on drug-related charges. By continuing his drug use, Tony ruined his chances for a favorable plea agreement and he instead, admittedly, faced several years of incarceration on the charges. Under these circumstances, the District Court correctly concluded that Tony's substance abuse problems were unlikely to change within a reasonable time. In so concluding, the District

9

Court gave paramount consideration to the children's best interests.  *See In re E.K.*, 2001 MT 279, ¶ 33, 307 Mont. 328, ¶ 33, 37 P.3d 690, ¶ 33.

¶22  Therefore, we conclude that there is substantial evidence in the record supporting the District Court's findings that Tony failed to successfully complete the court-approved treatment plan and that his conduct rendering him unfit would not change within a reasonable time.  Accordingly, we hold that the District Court did not err in terminating Tony's parental rights.

¶23  We affirm.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE